# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION



MARGARET A. JOHNSON, )
)
Plaintiff, )
) Case No.
vs. )
) JURY TRIAL REQUESTED
HUNT MIDWEST ENTERPRISES, INC. )
Defendant. )
Serve: Seigfried, Bingham, Levy )
Registered Agent ) 00-1264-CV-W--5
911 Main Street )
Suite 2800 )
Kansas City, MO 64105 )

## COMPLAINT

### GENERAL ALLEGATIONS

Plaintiff, for her cause of action, states as follows:

1. Plaintiff Margaret A. Johnson is, and at all relevant times hereto was, a married female individual over the age of 40 and under the age of 65, and a citizen of the United States of America and resident of the State of Missouri residing in Platte County.

2. Defendant Hunt Midwest Enterprises, Inc., (hereinafter referred to as "Defendant Hunt") is a corporation incorporated under the laws of the state of Missouri, and is in good standing, licensed to do business in the State of Missouri. Defendant Hunt has its principal place of business at 8300 N.E. Underground Dr., Kansas City, Clay County, Missouri.

3. The jurisdiction of this Court may be invoked pursuant to 42 U.S.C. §1331 insofar as plaintiff's claims arise under federal law, more specifically to-wit: the Civil Rights Act of 1964, 42 U.S.C. §2000(e) *et seq.* (hereinafter sometimes referred to as "Title VII"), the Age Discrimination in Employment Act pursuant to 29 U.S.C. §621, *et seq.* (Hereinafter referred to as "ADEA"), and the Americans' with Disabilities Act (hereinafter the "ADA") 42 U.S.C. §12101 *et. seq.*. This Court also has jurisdiction to hear and decide

**ORIGINAL** DOCUMENT #_____

pendent state law claims by virtue of the Court's inherent power to exercise pendant jurisdiction and pursuant to the Court's Supplemental Jurisdiction under 28 U.S.C. §1367.

4. Venue is proper in this action in the United States District Court For The Western District Of Missouri, Western Division, pursuant to 28 U.S.C. §1396, 28 U.S.C. 1391 and 28 U.S.C. §105(b)(4) as all or substantially all of the acts complained of occurred at the offices of Defendant located in Clay County, Missouri.

5. Defendant Hunt is an "employer" within the meaning of 42 U.S.C. §2000e(b).

6. At all times relevant to this complaint, Defendant employed in excess of two hundred (200) but less than five hundred (500) employees at all of its facilities located within the State of Missouri.

7. Plaintiff was continuously employed by Defendant from November 3, 1986 through her termination on November 10, 1999.

8. Plaintiff held the position of Supervisor of Compensation and Benefits at the time she was terminated.

9. Plaintiff timely filed charges with the Equal Employment Opportunity Commission ("EEOC") relating to the allegations contained in this complaint and received her notice of right to file suit within ninety (90) days of the receipt of said letter, and has filed suit within the ninety (90) days of hers receipt of said letter from the EEOC (a copy of which complaint and notice is attached to Plaintiff's complaint as **EXHIBIT A**).

10. At all relevant times, Defendant has been a covered entity under §101(2) of the ADA, 42 U.S.C. §12111(2).

11. On or about June 14, 1999 Plaintiff was hospitalized for depression; Plaintiff was released to return to work on June 28, 1999 by her treating physician.

12. On or about June 28, 1999 Donald K. Hagan, (CFO and vice-president of Defendant Hunt) met with Plaintiff and accused Plaintiff being "unstable" and an "alcoholic"; and, demanded to speak with Plaintiff's treating physician; and, demanded release of Plaintiff's medical records to him; and continued in this vein for more than two hours manifesting oral and physical signs of anger such as clenching his fists, becoming agitated and speaking in a hostile tone.

13. Donald K. Hagan and his secretary, Carla Levitt, proceeded to contact Plaintiff's treating physician and demand Plaintiff's Medical Records and were refused same absent a proper release.

14. Donald K. Hagan told Plaintiff that "he could not stand to be around people with mental problems" and that he advocated euthanasia for children born developmentally challenged.

15. On or about July 13, 1999 Plaintiff, in the ordinary course of her job, assisted a subordinate with the filing of an internal sexual harassment complaint.

16. On or about July 22, 1999 Plaintiff was passed over for the position of Manager of Human Resources, a position that Plaintiff was fully qualified for, in favor of a younger male.

17. Plaintiff was given neither notice nor opportunity to apply for the Manager of Human Resources position and learned of the position through communications with Connie Thomas, an administrative assistant to the President of Defendant Hunt, Lee Derrough.

18. Plaintiff, on information and belief, was the only party excluded from consideration for the position through the direct intervention of Donald K. Hagan.

19. On or about July 17, 1999 Plaintiff was hospitalized with a diagnosis of pneumonia.

20. On or about July 22, 1999 Plaintiff was released to return to work.

21. On or about July 23, 1999 Plaintiff suffered a fall, breaking her jaw and left wrist, necessitating extensive medical intervention and the wiring shut of her mandible for a period of six (6) weeks.

22. Plaintiff timely provided Defendant Hunt with all required reports as to her treatment and recovery progress.

23. Plaintiff, upon being released to return to work, met with Mr. Ron Anderson (who had Plaintiff's job duties in her absence) and Mr. Gary Barvick (the new Manager of Human Resources) and at that time they presented Plaintiff a list of job-related matters (characterized as mistakes made by Plaintiff); Plaintiff clearly pointed out that at least seven (7) of the matters arose outside of her control or knowledge during Plaintiff's medical leave of absence, and thus would have been the direct responsibility of Mr. Ron Anderson.

24. On or about November 7, 1999 Plaintiff discovered that four employee's payroll checks were being treated in a disparate manner through the independent actions of a payroll clerk.

25. On or about November 10, 1999 Plaintiff was discharged without severence, ostensibly due to the handling of the employee payroll check matter.

26. Plaintiff, through her job responsibilities, has personal knowledge that similarly situated male employees were granted severance pay in the amount of 4-6 months pay.

27. At all times material hereto Plaintiff was an employee of Defendant within the meaning of 42 U.S.C. §12111(4) and a qualified individual with a disability, or having the perception of a disability, who was able to perform the essential functions of her position with Defendant, with reasonable accommodation, as provided pursuant to the ADA.

## COUNT I
### (VIOLATION OF 42 U.S.C. §12101 *et. seq..*)

28. Plaintiff incorporates all of her general allegations 1-27 by reference.

29. On or about June 28, 1999 and continuing through Plaintiff's termination, Defendant engaged in unlawful employment practices in violation of ADA §§102(a), 102(b)(1), 102(b)(5)(A), 102(b)(5)(B) and 503(a), 42 U.S.C. §§12112(a), 112112(b)(1), 12112(b)(5)(A), 12112(b)(5)(B) and 12203(a) because it refused to make reasonable accommodations to the alleged disability of the Plaintiff and did discriminate against her because of her disability or perceived disability.

30. Plaintiff requested accommodation of her disability through direct communication with Donald K. Hagan, (CFO and vice-president of Defendant Hunt).

31. Plaintiff was subjected to a continuous hostile work environment due to her actual or perceived disability.

32. The unlawful employment practices of Defendant complained of above were and are intentional.

4

**WHEREFORE**, Plaintiff prays for the following relief:

(a) That the Court declare the Defendant's conduct complained of herein to be in violation of the Plaintiff's rights as secured by the ADA;

(b) That the Court permanently enjoin the Defendant from any conduct violating Plaintiff's rights as secured by the ADA;

(c) That the Court award her compensatory damages;

(d) That the Court award her punitive damages;

(e) That the Court order the Defendant to make whole Plaintiff by providing her appropriate lost earnings and benefits, with pre-judgment interest, and this affirmative relief including but not limited to reinstatement;

(f) That the Court award her reasonable attorney's fees and costs incurred in prosecuting this action, and

(g) That the Court award her such additional and further relief as it deems just and proper.

## COUNT II
### (VIOLATION of 42 U.S.C. 2000e *et seq.*)

33. Plaintiff incorporates all of her general allegations 1-27 by reference:

34. Plaintiff was denied the same terms and conditions of employment as provided to and enjoyed by similarly situated male employees, specifically the Defendant denied her severance pay commensurate with her term of service with Defendant.

**WHEREFORE**, Plaintiff prays for the following relief:

(a) That the Court declare the Defendant's conduct complained of herein to be in violation of the Plaintiff's rights as secured by Title VII;

5

(b)     That the Court permanently enjoin the Defendant from any conduct violating Plaintiff's rights as secured by Title VII;

(c)     That the Court award her compensatory damages;

(d)     That the Court award her punitive damages;

(e)     That the Court order the Defendant to make whole Plaintiff by providing her **the denied severance pay,** appropriate lost earnings and benefits, with pre-judgment interest, and this affirmative relief including but not limited to reinstatement;

(f)     That the Court award her reasonable attorney's fees and costs incurred in prosecuting this action, and

(g)     That the Court award her such additional and further relief as it deems just and proper.

## COUNT III
### (VIOLATION of 42 U.S.C. 2000e *et seq.*)

35. Plaintiff incorporates all of her general allegations 1-27 by reference:

36. Plaintiff was denied the same terms and conditions of employment as provided to and enjoyed by similarly situated male employees, specifically the Defendant created a gender-hostile environment and denied the right of promotion to Plaintiff.

**WHEREFORE**, Plaintiff prays for the following relief:

(a)     That the Court declare the Defendant's conduct complained of herein to be in violation of the Plaintiff's rights as secured by Title VII;

(b)     That the Court permanently enjoin the Defendant from any conduct violating Plaintiff's rights as secured by Title VII;

6

(c) That the Court award her compensatory damages;

(d) That the Court award her punitive damages;

(e) That the Court order the Defendant to make whole Plaintiff by providing her **the denied / withheld promotion**, appropriate lost earnings and benefits, with pre-judgment interest, and this affirmative relief including but not limited to reinstatement;

(f) That the Court award her reasonable attorney's fees and costs incurred in prosecuting this action, and

(g) That the Court award her such additional and further relief as it deems just and proper.

## COUNT IV
### (VIOLATION of 42 U.S.C. 2000e *et seq.*)

37. Plaintiff incorporates all of her general allegations 1-27 by reference:

38. Plaintiff was subjected to retaliation, specifically the Defendant denied her promotion, severance pay, and altered the terms and conditions of her employment due to her assisting a subordinate prepare a sexual harassment complaint.

39. Plaintiff was also subjected to retaliation for exercising rights secured to her through the ADA.

**WHEREFORE**, Plaintiff prays for the following relief:

(a) That the Court declare the Defendant's conduct complained of herein to be in violation of the Plaintiff's rights as secured by Title VII;

(b) That the Court permanently enjoin the Defendant from any conduct violating Plaintiff's rights as secured by Title VII;

(c) That the Court award her compensatory damages;

(d) That the Court award her punitive damages;

7

(e) That the Court order the Defendant to make whole Plaintiff by providing her, appropriate lost earnings and benefits, with pre-judgment interest, and this affirmative relief including but not limited to reinstatement;

(f) That the Court award her reasonable attorney's fees and costs incurred in prosecuting this action, and

(g) That the Court award her such additional and further relief as it deems just and proper.

## COUNT V
**(VIOLATION of** Age Discrimination in Employment Act pursuant to 29 U.S.C. §621, *et seq.*)

40. Plaintiff incorporates all of her general allegations 1-27 by reference:

41. Plaintiff was denied the same terms and conditions of employment as provided to and enjoyed by similarly situated employees, specifically the Defendant promoted a younger male over Plaintiff.

**WHEREFORE**, Plaintiff prays for the following relief:

(a) That the Court declare the Defendant's conduct complained of herein to be in violation of the Plaintiff's rights as secured by the ADEA;

(b) That the Court permanently enjoin the Defendant from any conduct violating Plaintiff's rights as secured by ADEA;

(c) That the Court award her compensatory damages;

(e) That the Court order the Defendant to make whole Plaintiff by providing her, appropriate lost earnings and benefits, with pre-judgment interest, and this affirmative relief including but not limited to reinstatement;

8

(f) That the Court award her reasonable attorney's fees and costs incurred in prosecuting this action, and

(g) That the Court award her such additional and further relief as it deems just and proper.

## COUNT VI
### (VIOLATION of 42 U.S.C. 2000e *et seq.*)

42. Plaintiff incorporates all of her general allegations 1-27 by reference:

43. Plaintiff was denied the same terms and conditions of employment as provided to and enjoyed by similarly situated male employees, specifically the Defendant subjected Plaintiff to heightened scrutiny in her job performance.

**WHEREFORE**, Plaintiff prays for the following relief:

(a) That the Court declare the Defendant's conduct complained of herein to be in violation of the Plaintiff's rights as secured by Title VII;

(b) That the Court permanently enjoin the Defendant from any conduct violating Plaintiff's rights as secured by Title VII;

(c) That the Court award her compensatory damages;

(d) That the Court award her punitive damages;

(e) That the Court order the Defendant to make whole Plaintiff by providing her appropriate lost earnings and benefits, with pre-judgment interest, and this affirmative relief including but not limited to reinstatement;

(f) That the Court award her reasonable attorney's fees and costs incurred in prosecuting this action, and

(g) That the Court award her such additional and further relief as it deems just and proper.

Respectfully submitted,

*M. E. Winter by GRO*

Marion E. (Nick) Winter     MO 46831
7 Main Street
Parkville, Missouri 64152
816-505-1600
816-505-1604 (fax)
FLITEGUY@aol.com

*George R. O'Connor*

George R. O'Connor MO 38042
The O'Connor Law Firm
7 Main Street
Parkville, Missouri 64152
816-505-1600
816-505-1604 (fax)
law@grolaw.com

## DEMAND FOR TRIAL BY JURY

COMES NOW plaintiff and hereby respectfully requests a jury trial on all issues triable as of right by a jury.

*George R. O'Connor*
Attorney for Plaintiff

10

# EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

# DISMISSAL AND NOTICE OF RIGHTS

| To: Margaret A. Johnson<br>8007 Pleasant Ford<br>Weatherby Lake, MO 64152 | From: E.E.O.C<br>Kansas City Area Office<br>400 State, suite 905<br>Kansas City Ks 66101 |
|---|---|

☐ On behalf of a person aggrieved whose identity is CONFIDENTIAL ( 29 C.F.R. 1601.7(a) )

| Charge Number | EEOC Representative | Telephone Number |
|---|---|---|
| 281A01271 | Rick Thomas | (913) 551-5751 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.
☐ Your allegations did not involve a disability that is covered by the Americans with Disabilities Act.
☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.
☐ We cannot investigate your charge because it was not filed within the time limit required by law.
☐ Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.
☐ While reasonable efforts were made to locate you, we were not able to do so.
☐ You had 30 days to accept a reasonable settlement offer that affords full relief for the harm you alleged.
☒ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.
☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.
☐ Other (briefly state) _____

## - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit must be filed **WITHIN 90 DAYS** of your receipt of this Notice; otherwise, your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit based on this charge, please send a copy of your court complaint to this office.

On Behalf of the Commission

_____ 9/15/00
Lynn Y. Bruner, District Director    (Date)

Enclosure(s)

cc: Hunt Midwest Enterprises, Inc.
8300 N.E. Underground Dr.
Kansas City, MO 64161

**PLAINTIFF'S EXHIBIT A**

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974; See Privacy Act Statement before completing this form.

| AGENCY | CHARGE NUMBER |
|---|---|
| ☐ FEPA<br>☒ EEOC | 281A01271 |

<u>Missouri Commission on Human Rights</u> and EEOC
*State or local Agency, if any*

**NAME** (Indicate Mr., Ms., Mrs.): Ms. Margaret A. Johnson
**HOME TELEPHONE** (Include Area Code): (816) 587-8338
**STREET ADDRESS**: 8007 Pleasant Ford, **CITY, STATE AND ZIP CODE**: Weatherby Lake, MO 64152
**DATE OF BIRTH**: 03/11/1946

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (If more than one list below.)

**NAME**: Hunt Midwest Enterprises, Inc.
**NUMBER OF EMPLOYEES, MEMBERS**: Cat C (201-500)
**TELEPHONE** (Include Area Code): (816) 455-2500
**STREET ADDRESS**: 8300 N.E. Underground Dr., **CITY, STATE AND ZIP CODE**: Kansas City, MO 64161
**COUNTY**: 047

**CAUSE OF DISCRIMINATION BASED ON** (Check appropriate box(es))
☐ RACE ☐ COLOR ☒ SEX ☐ RELIGION ☐ NATIONAL ORIGIN
☒ RETALIATION ☒ AGE ☒ DISABILITY ☐ OTHER (Specify)

**DATE DISCRIMINATION TOOK PLACE**
EARLIEST: 07/13/1999   LATEST: 01/03/2000
☒ CONTINUING ACTION

**THE PARTICULARS ARE** (If additional space is needed, attach extra sheet(s)):

On July 13, 1999, I assisted a subordinate with the filing of a sexual harassment complaint. On July 22, 1999, I learned I had not been selected for the position of Manager, Human Resources.

I have disabilities covered by the Americans with Disabilities Act (ADA). After I sought medical treatment, management became hostile, denied me the above promotional opportunity, started efforts to replace and terminate me, advised others of my pending termination several months before actual termination, sabotaged my work and filed false statements against me. The company Vice President demanded to speak to my physician about my diagnosis. Due to the improper nature of that request, my physician refused. The Vice President then became angry and abusive toward me.

After my discharge, I was not provided an extended 6-month severance package. Males have uniformly received extended severance.

I believe the above actions were due to my sex (Female), age (53) and disabilities, and in retaliation for my assistance with a complaint of prohibited conduct, in violation of Title VII of the Civil Rights Act of 1964, as amended, the Age Discrimination in Employment Act and the ADA.

☒ I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and cooperate fully with them in the processing of my charge in accordance with their procedures. I declare under penalty of perjury that the foregoing is true and correct.

Date: 8/1/00
x *Margaret A. Johnson*
Charging Party (Signature)

NOTARY - (When necessary for State and Local Requirements)

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (Month, day and year)

EEOC FORM 5 (Rev. 06/99)

**RESPONDENT'S COPY**